# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLLINOIS

| | |
|---|---|
| DAVID HUTCHINS, | ) |
| Plaintiff, | ) Case No. |
| vs. | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, DAVID HUTCHINS, and states the following:

### JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C.§§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, offered through Plaintiff's employer at the time, Global Brass & Copper Inc., which in this case consists of long term disability benefits, administered by Life Insurance Company of North America (LINA). In addition, this case may be brought before this court pursuant to 28 U.S.C.§ 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C.§ 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted all avenues of appeal for Long Term disability.

3. Venue is proper in the Southern District of Illinois, pursuant to 29 U.S.C.§ 1132(c)(2), 28 U.S.C.§§ 1391 and 1392.

## NATURE OF ACTION

4. This is a claim seeking payment of disability income benefits, which are provided by a Long-Term Disability Plan offered through Plaintiff's employer's policy. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C.§ 1132(c)(2), 28 U.S.C.§ 1391.

## THE PARTIES

5. David Hutchins (Plaintiff) is and was a resident of Jersey County, Illinois, and is located within the Southern District of Illinois, at all times relevant hereto.

6. LINA is a foreign corporation which is licensed to do business in the State of Illinois, which, at all relevant times hereto, was doing business within this district.

## GENERAL ALLEGATIONS

7. At all relevant times, Plaintiff was an employee of Global Brass & Copper Inc. as a factory worker/tractor operator.

8. As an employee of Global Brass & Copper Inc., Plaintiff was a participant and a beneficiary of the Group Policy No. FLK 960377 long-term disability plan. (LTD Plan)

9. The LTD Plan is subject to the Employee Retirement Security Act of 1974.

10. LINA is the administrator of the LTD Plan and is the decision maker in determining disability.

11. The Plan defines disability as follows:

Definition of Disability/Disabled:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

*1. unable to perform the material duties of his or her Regular Occupation; and*

*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*1. unable to perform the material duties of any occupation for which he or she is, or may reasonable become, qualified based on education, training or experience; and*

*2. unable to earn 60% or more of his or her Indexed Earnings*

*The Insurance Company will require proof of earnings and continued Disability"*

12. Plaintiff complied with the terms of the Plan by providing medical evidence which demonstrated his inability to work as of April 3, 2012.

13. Plaintiff was approved for LTD benefits on May 23, 2012 and was terminated from his benefit as of February 12, 2014, two months prior to the two year period when the definition changes from the inability to perform the claimant's *own occupation* to the inability of the claimant to perform *any occupation* which the claimant is, or may reasonably become, qualified based on education, training or experience.

14. Plaintiff appealed the decision to terminate his LTD benefit and the decision to terminate his LTD benefit was overturned by LINA on November 26, 2014.

15. As a result of this appeal, Plaintiff's benefits were reinstated but only for the time period of February 13 through April 28, 2014.

16. On April 29, 2015, Plaintiff appealed a second termination of benefits and on August 10, 2015, LINA once again overturned their decision to terminate Plaintiff's benefits and he began receiving his LTD benefit.

17. On June 19, 2017, LINA again terminated Plaintiff's LTD benefit. Plaintiff appealed the termination on July 24, 2017. Prior to the this denial, LINA had offered Plaintiff a lump sum settlement of his claim, which Plaintiff did not accept..

18. On November 6, 2017, Plaintiff was notified that LINA was upholding the decision to terminate Plaintiff's claim for LTD benefits.

19. LINA is the claims administrator for the LTD plan and makes the determination whether LTD benefits are paid to an employee.

20. Plaintiff complied with the terms of the LTD Plan and Defendant failed to comply with the terms of the agreement to provide to Plaintiff his LTD benefits.

21. LINA's decision to deny benefits is an "abuse of discretion" as Defendant failed to review the evidence as a whole, disregarded the diagnoses and opinions of Plaintiff's treating physicians and relied solely on the opinions of hired consultants who ignored the opinions of Plaintiff's treating physicians.

22. Defendant LINA's decision to deny benefits was made while a "conflict of interest" existed between Plaintiff as a beneficiary of the plan and Defendant as the "fiduciary" who had a financial interest in the denial of Plaintiff's benefits.

23. Plaintiff was disabled as of April 3, 2012 and was entitled to continue receiving his LTD benefits. Plaintiff is entitled to his LTD benefits under 29 U.S.C. Section 1132 (a)(1)(B) and to attorney's fees.

24. Plaintiff has exhausted all administrative remedies available to him under the Plan.

Wherefore, Plaintiff respectfully requests the following relief:

a. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendant to pay long term disability benefits in an amount equal to the contractual amount of benefits to which he is entitled;

b. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued since June 19, 2017 up to the date of judgment;

c. That the Court order Defendant to continue paying benefits until such time as Plaintiff reaches the age in which he is no longer eligible;

d. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g), and;

e. That the plaintiff recovers any and other relief to which he is entitled , as well as the cost of suit.

Respectfully submitted,

**DEBORAH A. ARBOGAST, Attorney at Law**

/s/ Deborah A. Arbogast_____
DEBORAH A. ARBOGAST   #6206510
ATTORNEY FOR PLAINTIFF
7905 Forsyth Blvd.
Clayton, Missouri 63105
314-726-5363 Fax: 314-726-3421
darbogast01@hotmail.com